# United States District Court
# Northern District of Indiana
# Hammond Division

| | |
|---|---|
| In the Matter of the Complaint of Abraham Peute for Exoneration from or Limitation of Liability | Civil Action No. 2:18-CV-73 JVB |

## OPINION AND ORDER

This matter is before the Court on the motion of respondent Patti Feczko (DE 17) to dismiss this case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

### A.     Background

Plaintiff, Abraham Peute, filed this action alleging that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333, which gives district courts jurisdiction over any civil admiralty or maritime case.  In his complaint he alleges that Jennifer Ellenberger and Michael McKinney died of carbon monoxide poisoning while on Plaintiff's pleasure craft, which was moored at a marina at the time of the incident.  Plaintiff also filed a motion for orders directing notice of his complaint, approving an ad interim stipulation, requiring monition, and restraining the prosecution of claims (DE 5).

The Court ordered Plaintiff to brief the issue of subject matter jurisdiction.  He submitted a brief on April 17, 2018 (DE 12).  Shortly thereafter, Respondent Angela McKinney entered her

appearance, followed by an appearance from Respondent Patti Feczko, as personal representative of the estate of Jennifer Ellenberger. Feczko also filed a motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction. Plaintiff responded to the motion by directing the Court to the arguments and authorities in his April 17 brief. Respondent McKinney has now joined in the motion to dismiss. Neither Respondent has filed a reply.

**B.    Discussion**

The Court initially questioned its subject matter jurisdiction in this case in light of *H2O Houseboat Vacations Inc. v. Hernandez*, 103 F.3d 914 (9th Cir. 1996), which found jurisdiction lacking in a case that appears to be factually indistinguishable from the instant action. However, Plaintiff's brief has explained the nuances of maritime jurisdiction, leading the Court to conclude that the Seventh Circuit would not follow the Ninth Circuit case.

The test for maritime jurisdiction established by the Supreme Court is whether the incident occurred on a navigable waterway, and, if so, whether the incident creates a potential hazard to maritime commerce that arises out of activity that bears a substantial relationship to traditional maritime activity. *Sisson v. Ruby*, 497 U.S. 358, 362 (1990).

It is undisputed that the incident described in Plaintiff's complaint occurred on a vessel in navigable waters. Neither does Feczko claim that the mooring of a pleasure boat at a marina does not bear a substantial relationship to traditional maritime activity. Indeed, the Supreme Court has expressly held that the storage and maintenance of a vessel at a marina on navigable waters is substantially related to traditional maritime activity. *Id.* at 367 (quotation marks omitted). Accordingly, the Court focuses on the potential hazzard to maritime commerce.

When a tort occurs on a vessel in navigable waters, finding maritime jurisdiction is the norm. *Grubart v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 547 (1995). The existence of maritime jurisdiction does not turn on the actual effects of the particular incident on maritime commerce. *Sisson*, 497 U.S. at 362. Instead, a court must examine the general features of the incident and the general conduct from which the incident arose for the potential to disrupt commercial activity. *Id.* at 363-64.

When viewed in this light, it is clear that deaths occurring on a moored pleasure boat due to carbon monoxide emissions pose a potential hazzard to maritime commerce. As Plaintiff points out, such an occurrence could have required the response of emergency personnel whose activities could have hindered the passage of other vessels and the access of vessels and passengers to the dock.

Because all three parts of the test announced in *Sisson* are met, the incident that took the lives of Michael McKinney and Jennifer Ellenberger falls within the maritime jurisdiction of this Court.

**C.     Conclusion**

For the foregoing reasons, Respondent Patti Feczko's motion to dismiss for lack of subject matter jurisdiction (DE 17) is **DENIED**. Plaintiff is directed to email to the chambers email address updated proposed orders with respect to his motions filed as Docket Entry 5.

SO ORDERED on July 23, 2018.

s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
